NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   25-3760 |
| Plaintiff-Appellant, | D.C. No. CR-22-00820-JCH-LCK-2 |
| v. | MEMORANDUM* |
| CONSTANTINE PANOUSOPOULOS, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John C. Hinderaker, District Judge, Presiding

Argued and Submitted June 9, 2026
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.**

The United States appeals from the district court's order granting

Constantine Panousopoulos's motion to suppress evidence obtained from a

wiretap.  "A district court's decision to grant a motion to suppress wiretap

evidence is reviewed de novo."  *United States v. Gonzalez, Inc.*, 412 F.3d 1102,

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**     The Honorable Robert S. Huie, United States District Judge for the
Southern District of California, sitting by designation.

1115 (9th Cir. 2005) (citing *United States v. Reyna*, 218 F.3d 1108, 1110 (9th Cir. 2000)).  "But the [district] court's underlying factual findings are reviewed under the clearly erroneous standard."  *Id.* (citing *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2004)).  We affirm.

1.     The district court did not clearly err in finding that the wiretap affiant, a special agent of the Federal Bureau of Investigation, acted recklessly by conveying that Felipe Fuentes, then Assessor for Santa Cruz County, Arizona, caused the County Treasurer not to send a delinquency notice to the owner of the "Pharmacy property."  The affidavit states that, during a February 19, 2019 conversation, Fuentes told a confidential informant ("CI-1") that the County Treasurer had purportedly withheld notice as a "favor."

However, under applicable Arizona law, at the time of the conversation, no delinquency notice to the property owner was due; such notice would have been premature because the property owner's deadline for paying the second half of the annual property taxes was still months in the future.  *See* Ariz. Rev. Stat. §§ 42-18052 (stating that second half of property tax payment is due by May 1), 42-18103 (stating that notice of outstanding taxes is due by September 1).

The district court found that the affiant was aware of the Arizona law applicable to property tax delinquency, the agent having summarized some portion of that law in her affidavit; and the district court determined that the affiant acted

2

in reckless disregard for the truth by creating the impression that the Treasurer had in fact withheld notice at Fuentes's request at the time of the February 19, 2019 conversation. At oral argument, the United States' response was that the applicable Arizona tax law is complex. However, the applicable deadlines under that law, to which the affidavit refers in part, are readily discernible. And the Arizona legal regime regarding property tax delinquency did not merely provide context for the wiretap affidavit; instead, the alleged abuse of that regime formed the core of the affidavit's theory of bribery.

2. The district court did not err in determining that the affidavit, once the requirements of Arizona law were taken into account in connection with the applicable facts, failed to establish necessity for a wiretap of Fuentes's phone. A court may authorize a wiretap only where the applicant demonstrates that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). Wiretap orders are subject to invalidation "if the affidavits supporting them conceal or misrepresent material facts leading a judge inappropriately to find necessity for a wiretap order." *Gonzalez, Inc.*, 412 F.3d at 1110.

The United States argues that even if the affidavit did not establish the Treasurer's involvement in a bribery scheme, the affidavit nonetheless established Fuentes's involvement. According to the Government, Fuentes's representation to

3

CI-1 that Fuentes had caused the Treasurer to commit an official act could constitute an "illegal agreement" under the bribery statute, even if Fuentes had not actually caused and could not have caused the Treasurer to commit such an official act.

But the district court reasonably determined that, absent evidence of the Treasurer's actual involvement, the affidavit failed to show necessity for a wiretap of Fuentes's phone. In undertaking to develop probable cause for a bribery scheme, the affidavit relied principally on face-to-face communications between CI-1 and Fuentes that were recorded by CI-1, including the February 19, 2019 conversation in which Fuentes told CI-1 about the "favor" that Fuentes had caused the Treasurer to perform. Although the affidavit also referred to text messages and conversations between CI-1 and Fuentes using Fuentes's phone, these communications were initiated by CI-1. There is no indication that Fuentes refused to meet with CI-1 when requested; on the contrary, it was precisely these meetings that generated the recorded conversations on which the affidavit principally relied to argue probable cause. Under these circumstances, the district court did not err in concluding that the affidavit failed to demonstrate that "normal investigative procedures have been tried and have failed" or "reasonably appear to be unlikely to succeed" under 18 U.S.C. § 2518(3)(c). Because this statutory

requirement for a wiretap was not met, we affirm the district court's order granting the motion to suppress.

3. In light of the foregoing conclusion, we decline to reach whether the affidavit, as properly supplemented, failed to meet other statutory requirements for a wiretap, including establishing "probable cause for belief that an individual is committing, has committed, or is about to commit" an enumerated offense, or establishing "probable cause for belief that particular communications concerning that offense will be obtained through such interception." 18 U.S.C. §§ 2518(3)(a), (b).

**AFFIRMED.**